**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

JENNIFER SANDOVAL,
Plaintiff,
vs.

**CASE NO.: 0:16-cv-61856-WPD**

RONALD R. WOLFE & ASSOCIATES, P.L., and SUNTRUST MORTGAGE, INC.,
Defendants.
_____________________________________/

**SUNTRUST MORTGAGE, INC.'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b), AND MEMORANDUM OF LAW IN SUPPORT**

Defendant, SunTrust Mortgage, Inc. ("SunTrust"), through undersigned counsel and pursuant to Rule 54(b), Fed. R. Civ. P., hereby moves for entry of a final judgment with respect to SunTrust following this Court's Order Granting Defendant SunTrust's Motion to Dismiss [ECF 64] (the "Dismissal Order"), and in support thereof, states as follows:

## PROCEDURAL HISTORY

1. On or about August 3, 2016, Plaintiff, Jennifer Sandoval ("Plaintiff"), commenced this action against SunTrust by filing her Complaint [ECF 1] against SunTrust, Defendant Ronald R. Wolfe & Associates, P.L. (the "Wolfe Firm"), and Nationstar Mortgage, LLC ("Nationstar").

2. On or about September 15, 2016, Plaintiff filed her Amended Class Action Complaint [ECF 23] against SunTrust and the Wolfe Firm, but dropping Nationstar as a defendant.

3. On October 19, 2016, SunTrust filed its Motion to Dismiss Amended Class Action Complaint, or, in the Alternative, to Strike the Amended Complaint, and Memorandum of Law in Support [ECF 38] (the "Motion to Dismiss").

4. The Wolfe Firm filed its Answer and Affirmative Defenses to Plaintiff's Amended Class Action Complaint [ECF 35] on October 19, 2016, subsequently filed its Amended Answer and Affirmative Defenses to Plaintiff's Amended Class Action Complaint [ECF 39] on October 21, 2016, and its Second Amended Answer and Affirmative Defenses to Plaintiff's Amended Class Action Complaint [ECF 39] on November 17, 2016 (the "Wolfe Answer").

5. Pursuant to an Agreed Motion to Amend Amended Complaint by Interlineation [ECF 43], granted at ECF 44, Plaintiff filed its Amended/Corrected Class Action Complaint [ECF 47] (the "Amended Complaint") on November 16, 2016. SunTrust's previously filed Motion to Dismiss was held to be responsive to the Amended Complaint, and remained in effect for the Court's consideration. *See* ECF 48 at ¶3.

6. The Amended Complaint (dismissed as to SunTrust) included the following three Counts based on reinstatement correspondence annexed thereto: Count I for alleged violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §2605(k) ("RESPA") against SunTrust, Count II for alleged violation the Florida Consumer Collection Practices Act ("FCCPA"), §559.72(9), Fla. Stat. against all Defendants, and Count III for alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692e, 1692f against all Defendants. Each of these claims is solely based on purportedly excessive charges for service of process in the foreclosure suit (despite a foreclosure judgment authorizing these charges and affidavit(s) of costs with additional documentation as to actions to service process and related charges filed in the state court foreclosure proceedings), and a $250 charge in connection with filing of the required motion to dismiss (and obtaining a dismissal Order) following reinstatement of the delinquent loan.

7. On November 17, 2016, Plaintiff filed her Memorandum in Opposition to SunTrust's Motion to Dismiss [ECF 50] (the "Response").

8. SunTrust filed its Reply in Support of Motion to Dismiss [ECF 55] (the "Reply") on December 12, 2016.

9. On January 10, 2017, this Court heard oral argument on the Motion to Dismiss, Response and Reply. *See* ECF 58.

10. On January 19, 2017, upon due consideration of the Amended Complaint, the Motion to Dismiss, Response and Reply, and having heard argument of counsel for SunTrust and Plaintiff, this Court entered the Dismissal Order, dismissing this case with prejudice as to SunTrust. *See* ECF 64. The case remains pending with respect to the Wolfe Firm.

## MEMORANDUM OF LAW

### I. STANDARD FOR RULE 54(b) MOTION

Rule 54(b), Fed. R. Civ. P., provides, "When an action presents more than one claim for relief…or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only if the court expressly determines that there is no just reason for delay**. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." (emphasis added).

The Rule provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir. 1997). The district court "*may*, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956) (emphasis in original). The court must first determine

the finality of the judgment being sought, "in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) *quoting Mackey*, 351 U.S. at 436. Once it has found finality, the district court must determine whether there is any just reason for delay. *Id.*, 446 U.S. at 8. The district court is to exercise its discretion to determine the appropriate time when each final decision is ready for appeal, in the interest of sound judicial administration. *Id.*

## II. FINAL JUDGMENT IN FAVOR OF SUNTRUST SHOULD BE ENTERED

The Dismissal Order entered by this Court should be certified as a final judgment in favor of SunTrust because it is a full and final ultimate disposition of all claims brought by Plaintiff against SunTrust, and because there is no just reason to delay the entry of judgment pending resolution of Plaintiff's remaining claims against the Wolfe Firm, on the bases further specified below.

### A. The Dismissal Order is Final With Respect to All Claims Against SunTrust

A "court's judgment is final where it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Johnson & Johnson Vision Care, Inc. v. Ciba Vision Corp.*, 2009 U.S. Dist. LEXIS 112407, *7 (M.D. Fla. 2009). A complete disposition with respect to a particular defendant is "without question a final judgment under Rule 54(b)." *Centennial Bank v. Falke*, 2013 U.S. Dist. LEXIS 33926, *11 (N.D. Fla. 2013) (internal quotations omitted). The Dismissal Order finally adjudicated all claims against SunTrust. In the Dismissal Order, this Court dismissed each of Plaintiff's three claims against SunTrust with prejudice.

This Court found Plaintiff's claims under RESPA, the FCCPA and the FDCPA each failed because Plaintiff did not fulfill a mandatory contractual condition precedent found in the subject mortgage (<u>between SunTrust and the Plaintiff</u>), at paragraph 20. *See* Dismissal Order at 6. In addition to finding this fatal defect in each of Plaintiff's claims against SunTrust, this Court found additional dispositive legal grounds for dismissal of all counts of the Amended Complaint against

SunTrust. This Court held that the subject reinstatement letter attached as an exhibit to the Amended Complaint was "fully compliant with the formal and substantive requirements of RESPA and its implementing regulations," and provided an independent basis for dismissal of Plaintiff's RESPA claim with prejudice. Dismissal Order at 9. This Court also found additional grounds supporting dismissal of the FDCPA and FCCPA claims with prejudice, finding that SunTrust, which originated the loan at issue, is not a debt collector under 15 U.S.C. §1692a(6)(F)(ii), and therefore could not be held liable as a matter of law. Dismissal Order at 9-10. In finding multiple grounds for dismissal with prejudice of each of the three counts brought by Plaintiff against SunTrust, this Court fully and finally adjudicated, and resolved all claims against SunTrust. No claims, counterclaims or proceedings remain pending related to SunTrust, and all that remains are Plaintiff's separate claims against the Wolfe Firm (which was not a party to the Mortgage at issue, and was not collecting its own debt). Therefore, this Court should certify the Dismissal Order as a final judgment in favor of SunTrust because it is an ultimate disposition of each claim against SunTrust. *Curtiss-Wright Corp.*, 446 U.S. at 7.

**B. There Is No Just Reason to Delay Entry of Judgment in Favor of SunTrust, and the Balance of Equities Favors Finality for SunTrust**

With no question that the Dismissal Order is final as to all claims against SunTrust, this Court's essential inquiry is "whether, after balancing the competing factors, finality of judgment should be ordered to advance the interests of sound judicial administration and justice to the litigants." *Curtiss-Wright*, 446 U.S. at 5. This factor limits Rule 54(b) certification to instances in which entry of partial final judgment (and the associated right to immediate appeal) "would alleviate some danger of hardship or injustice associated with delay." *Ebrahimi*, 114 F.3d at 166. Rule 54(b) certifications have been held as appropriate in various circumstances, including but not limited to where "the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early


**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

and separate judgment as to some claims or parties." *Id.* In deciding whether there is no just reason for delay under Rule 54(b), a court is to consider "judicial administrative interests as well as the equities involved." *United Techs. Corp. v. Heico Corp.*, 60 F. Supp. 2d 1306, 1308 (S.D. Fla. 1999). "District courts have substantial discretion in determining when there is no just cause for delay in entering judgment under Rule 54(b)." *Commodores Entm't Corp. v. McClary*, 2016 U.S. Dist. LEXIS 113555, *5 (M.D. Fla. 2016) *quoting Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001). When a district court's consideration of the relevant factors persuades it that Rule 54(b) certification is appropriate, "the court should support that conclusion by clearly and cogently articulating its reasoning, together with the supporting factual and legal determinations." *Ebrahimi*, 114 F.3d at 166.

**1. The Interests of Sound Judicial Administration and Justice Favor Certification Under Rule 54(b) Because Claims Decided in the Dismissal Order are Separable from Remaining Claims Against the Wolfe Firm**

In this case, the interests of sound judicial administration are served by entry of a final judgment in favor of SunTrust. "The Court may consider such factors as **whether the claims under review were separable from the others remaining to be adjudicated** and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *McClary*, 2016 U.S. Dist. LEXIS 113555, *5 (emphasis added). *See also Heico Corp.*, 60 F. Supp. 2d at 1308. An additional consideration of sound judicial administration requires this Court to consider that certifying a final judgment here would dismiss SunTrust entirely from this litigation. *Access Now, Inc. v. AMH CGH, Inc.*, 2001 U.S. Dist. LEXIS 12876, *26 (S.D. Fla. 2001).

As noted previously, the bases for dismissal of SunTrust rested primarily on grounds unique to SunTrust – e.g., the condition precedent language in the Mortgage between the Plaintiff and SunTrust (e.g., with the Wolfe Firm not a party to the Mortgage), and undisputed fact of SunTrust being the originating lender on the subject loan. *Lane v. Capital Acquisitions & Mgmt.*

*Co.*, 569 F. Supp. 2d 1268, 1270 (S.D. Fla. 2008) (dismissal as to two defendants certified as final judgment because they "do not hinge on the issues directed to the remaining defendant"). Should Plaintiff choose to take an appeal from the Dismissal Order, the spectre of piecemeal appeals on the same issues is low. While the Wolfe Firm has pled Plaintiff's failure to comply with a contractual condition precedent as an affirmative defense (*see* ECF 49 at page 19, ¶8), any potential appellate issues with respect to the Wolfe Firm would differ from those presented related to SunTrust by virtue of SunTrust's status as the mortgagee and originating lender.

Furthermore, facilitating an immediate appeal (should Plaintiff opt to take one) is anticipated to streamline proceedings before this Court. *See, e.g., NATA Eng'g, Inc. v. Port St. Lucie*, 2007 U.S. Dist. LEXIS 9003, *3 (S.D. Fla. 2007). Although the Dismissal Order adjudicated all claims against SunTrust, Plaintiff and the Wolfe Firm continue to litigate the remaining claims. *See* ECF 65 (requiring the remaining parties to file a Joint Scheduling Report by February 13, 2017).

Should Plaintiff choose to appeal those portions of the Dismissal Order providing alternative rationales for dismissal of each claim (e.g., besides the failure to satisfy the condition precedent under the Mortgage as a basis for dismissal), such an appeal is not anticipated to be duplicated in view of separate matters of law pertaining to the Wolfe firm, which is neither a mortgagee nor lender. Furthermore, an early appeal may serve to clarify issues as to the claims against the Wolfe Firm. More specifically, should the Plaintiff appeal this Court's holding that the Wolfe Reinstatement Letter[1] satisfied RESPA's response requirements[2], the appellate court ruling on that issue would become law of the case, and preclude a contrary finding later in the instant proceeding. *See, e.g., Robinson v. Parrish*, 720 F.2d 1548, 1549-1550 (11th Cir. 1983). It is unlikely that this finding would be the subject of multiple appeals.

1 As defined by the Motion to Dismiss.
2 *See* 12 U.S.C. §2605(e)(2)(C); 12 C.F.R. §1024.32.

Importantly, the alternative grounds by which this Court held the FDCPA and FCCPA counts were due to be dismissed are inapplicable to the Wolfe Firm. Specifically, the Wolfe Firm cannot and does not argue that it is excepted from liability under the FDCPA because it is not a "debt collector" under 15 U.S.C. §1692a(6)(F)(ii). Therefore, it is not anticipated that there would be a second appeal of that issue. Because the likelihood of piecemeal appeals on the same issues is remote, and the claims resolved by the Dismissal Order are separable from the remaining claims against the Wolfe Firm, entering final judgment in favor of SunTrust based upon the Dismissal Order is anticipated to foster the interests of judicial economy (and administration) and minimize legal expense. Therefore, this Court should certify a final judgment in favor of SunTrust to fully resolve its involvement in this case.

WHEREFORE, Defendant SUNTRUST MORTGAGE, INC. respectfully requests this Honorable Court enter Final Judgment under Rule 54(b), Fed. R. Civ. P., in favor of SunTrust, and order such other and further relief this Court deems just and proper under the circumstances.

**LOCAL RULE 7.1 CERTIFICATE**

Pursuant to Local Rule 7.1, I hereby certify that undersigned counsel has conferred with counsel for Plaintiff, Jennifer Sandoval, and Defendant, Ronald Wolfe & Associates, P.L. regarding the relief sought in the foregoing motion. Counsel for the Plaintiff has advised that she will not consent to the relief requested herein. Counsel for the Wolfe Firm advised of being in agreement with SunTrust's request for entry of a Final Judgment in favor of SunTrust without further delay.

Respectfully submitted,

*/s/* FRANK P. CUNEO

FRANK P. CUNEO
Florida Bar No. 0123188
MARK E. STEINER
Florida Bar No. 28513
Liebler, Gonzalez & Portuondo
Courthouse Tower - 25th Floor

44 West Flagler Street
Miami, FL 33130
Tel: (305) 379-0400
Email: service@lgplaw.com
*Counsel for SunTrust Mortgage, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of February, 2017, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By:/s/ Frank P. Cuneo
FRANK P. CUNEO