UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61856-CIV-DIMITROULEAS

JENNIFER SANDOVAL,

Plaintiff,

vs.

RONALD R. WOLFE & ASSOCIATES, P.L.,
SUNTRUST MORTGAGE, INC., and
NATIONSTAR MORTGAGE, LLC,

Defendants.
______________________________________/

# OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Defendant SunTrust Mortgage, Inc. ("SunTrust")'s Motion for Entry of Final Judgment Pursuant to Rule 54(b) [DE 69], filed on February 13, 2017, and Plaintiff Jennifer Sandoval ("Plaintiff")'s Motion to Alter or Amend the Court's Order Granting Defendant SunTrust's Motion to Dismiss [DE 70], filed on February 16, 2017. The Court has carefully considered the Motions [DE's 69, 70], Responses [DE's 72, 73], Replies [DE's 74, 75], and is otherwise fully advised in the premises.

## A. Background

Plaintiff's November 16, 2016 Amended Complaint alleged the following three claims against SunTrust: Count I for alleged violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §2605(k) ("RESPA"); Count II for alleged violation the Florida Consumer Collection

Practices Act ("FCCPA"), §559.72(9), Fla. Stat.; and Count III for alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692e, 1692f.[1]

On January 19, 2017, the Court entered an Order Granting Defendant SunTrust's Motion to Dismiss. *See* [DE 64] ("Dismissal Order"). Therein, the Court dismissed all three claims alleged against SunTrust, with prejudice.

On February 13, 2017, SunTrust filed Motion for Entry of a Final Judgment with respect to SunTrust, pursuant to Rule 54(b), Fed. R. Civ. P. *See* [DE 69]. The Court has carefully considered the Motion for Entry of a Final Judgment [DE 69], Plaintiff's Response [DE 72], and SunTrust's Reply [DE 74]. However, as the Court finds that the disposition of the Motion for Entry of Final Judgment is dependent on the outcome of the Motion to Alter or Amend, the Court will turn to the merits of the Motion to Alter or Amend, which has now been fully briefed. *See* [DE's 70, 73, 75].

**B. Legal Standard**

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. School Board of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). For a court to reconsider its prior judgment the moving party must present facts or law of a "strongly convincing nature" that would induce a court to reverse its prior decision. *Id.* (citing *Sussman v. Salem Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla 1994)). Three major grounds justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest

---

[1] Plaintiff also alleged claims against Defendant Ronald R. Wolfe & Associates, P.L., which filed an answer to the Amended Complaint. *See* [DE 49].

injustice." *Burger King*, 181 F. Supp. 2d at 1369. "A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

**C. Discussion**

Plaintiff argues in her Motion to Alter or Amend that the Court erred by dismissing the FCCPA claim with prejudice, and requests that the Court amend its Dismissal Order so as to dismiss the FDCPA and RESPA claims with prejudice, but dismiss the FCCPA claim *without prejudice*, with leave for Plaintiff to attempt to amend her Amended Complaint against SunTrust as to the FCCPA claim only.

In the Court's Dismissal Order, the Court dismissed Plaintiff's FCCPA claim based on the following alternative, independent grounds: (1) the Court's determination that Plaintiff's claim is "barred and must be dismissed because Plaintiff fails to allege compliance with a contractual condition precedent;" and (2) the Court's determination that SunTrust is not a "debt collector" under the FDCPA and therefore that SunTrust likewise[2] is not a debt collector for purposes of FCCPA liability. *See* [DE 64] at pp. 4-7, 9-10.

Plaintiff argues in her Motion to Alter or Amend that the FCCPA, unlike the FDCPA, is not restricted to "debt collectors," and thus that the Court's second independent ground for dismissal was incorrect. Plaintiff contends that the Court's first independent ground for dismissal, failure to allege compliance with a contractual condition precedent, is potentially curable and therefore that the Court should instead dismiss the FCCPA claim without prejudice.

Upon review of the relevant case law, the Court agrees with Plaintiff that the exemption

---

[2] The Court based this ruling on the legal principle that courts analyzing FCCPA claims are directed by statute that "[i]n applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." *See* Fla. Stat. § 559.77(5).

of original creditors from liability is unique to the FDCPA and thus that this exemption would not bar SunTrust from potential FCCPA liability. *See Kelliher v. Target Nat. Bank*, 826 F. Supp. 2d 1324, 1327–28 (M.D. Fla. 2011) ("The FCCPA provides that '[i]n applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act.' Fla. Stat. § 559.77(5). There is one distinct difference between the two laws, however. Although the federal FDCPA does not apply to original creditors, the FCCPA has been interpreted to apply to original creditors as well as debt collection agencies.") (citing *Craig v. Park Fin. of Broward County, Inc.*, 390 F.Supp.2d 1150, 1154 (M.D. Fla. 2005)). Accordingly, the Court concludes that the dismissal with prejudice of the FCCPA claim on the ground that SunTrust is an original creditor and thus is exempt from FCCPA liability was made in error.

Nevertheless, it is clear that the premise of Plaintiff's Motion to Amend or Alter is fundamentally flawed because Plaintiff is prohibited from pursuing any potential eventual FCCPA claim against SunTrust in this lawsuit, and, consequentially, in federal court. The Court explicitly stated in its Dismissal Order that the "primary basis" for the Court's dismissal was failure to allege compliance with a contractual condition precedent. *See* [DE 64] at p. 4. Further, the Court unambiguously held that it would not abate this suit and that any attempts by Plaintiff to cure this failure would require Plaintiff to first provide the mandatory notice and cure to SunTrust prior to filing a lawsuit. Thus, this failure logically cannot be remedied by providing the mandatory pre-suit notice and cure and then amending an existing lawsuit:

> Further, the Court exercises its discretion in not abating the action rather than dismissing it. The summary judgment motion filed in April of 2015 in the state court foreclosure action sought service of process costs of $1,098, and included an affidavit of costs as well as process server invoices. Accordingly, before Plaintiff's counsel requested information in July of 2015 about the amount that Plaintiff must pay to resolve the foreclosure action and reinstate her loan, and

> before Plaintiff's counsel received the August 3, 2015 Wolfe reinstatement letter, Plaintiff's counsel knew specifically what Defendant was seeking for reimbursement of service of charges incurred in the foreclosure lawsuit. Plaintiff had ample time to provide notice and an opportunity to cure prior to filing suit in compliance with paragraph 20 without running afoul of the statute of limitations. Lastly, the Court is unconvinced by Plaintiff's position that a party is relieved from its obligation to satisfy a mandatory contractual condition precedent prior to filing a lawsuit based upon that party's subjective belief that the other party would refuse to cure had it been given notice of the grievance and a reasonable period of time to take corrective action.

[DE 64] at pp. 6-7. Thus, in the event that Plaintiff satisfies the mandatory contractual condition precedent pursuant to paragraph 20 of the mortgage of providing pre-suit notice to SunTrust of the alleged FCCPA violation and an opportunity to cure, Plaintiff is barred from attempting to amend the instant Amended Complaint in federal court. Rather, any subsequent lawsuit Plaintiff might potentially file against SunTrust would be a Florida law FCCPA claim, over which this Court would not have subject matter jurisdiction.[3]

**D. Conclusion**

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Alter or Amend the Court's Order Granting Defendant SunTrust's Motion to Dismiss [DE 70] is **GRANTED IN PART AND DENIED IN PART** as set forth herein;

---

[3] *Sotomayor v. Deutsche Bank Nat'l Trust Co.*, No. 0:15-cv-61972, 2016 WL 3163075, at *2 (S.D. Fla. Mar. 18, 2016) and *Hill v. Nationstar Mortg. LLC*, No. 15-60106, 2015 WL 4478061, at *3-*4 (S.D. Fla. July 6, 2015) are distinguishable in terms of federal subject matter jurisdiction over a potential subsequent suit filed after mandatory pre-suit notice and an opportunity to cure because those plaintiff's claims arising under federal law had not been dismissed with prejudice without only a potential future state law claim remaining. Moreover, the Court has already considered the parties' arguments in this case regarding whether abatement or dismissal is appropriate and exercised its discretion in determining that dismissal, rather than abatement, served the purpose of the mandatory contractual condition precedent, *i.e.*, a contractually required notice of the alleged violation and an opportunity to cure *before* filing suit. *See* [DE 64] at pp. 6-7 (block quoted *supra*).

2. The Court's January 19, 2017 Dismissal Order is **AMENDED** as follows:

   While the FDCPA and RESPA claims against SunTrust are **dismissed with prejudice**, the FCCPA against SunTrust is **dismissed without prejudice,** with leave to provide mandatory pre-suit notice to SunTrust of the alleged FCCPA violation and an opportunity to cure, prior to initiating a lawsuit against SunTrust that attempts to state a claim for a violation of the FCCPA.[4]

3. Because the dismissal of the FCCPA claim is without prejudice to Plaintiff attempting to comply with the requirements of the preceding paragraph, Defendant SunTrust's Motion for Entry of Final Judgment Pursuant to Rule 54(b) [DE 69] is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of March, 2017.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:
Counsel of record

[4] In the event Plaintiff does file such a lawsuit in state court, SunTrust may assert any of the arguments it asserts in its Opposition [DE 73] that Plaintiff fails to state a claim for violation of the FCCPA.